# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4173

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Brandon L. Walton, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 18, 2006
Filed: June 30, 2006

_____

Before WOLLMAN, BOWMAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Brandon L. Walton pleaded guilty to one count of being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He appeals from his guilty plea conviction, contending that the district court[1] erred in denying his motion to suppress evidence. We affirm.

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

## I.

On March 3, 2005, Latisha Reeves checked into the Red Roof Inn in Independence, Missouri. She paid cash in advance and indicated that she would be the only occupant of the room. Kerec Grigsby, the night manager of the motel, assigned Reeves to Room 131.

That night, Grigsby received three complaints regarding a loud car stereo and a man yelling and pounding on the door of Room 131. After the first two complaints, Grigsby went outside and heard loud music coming from an automobile. He asked the occupant, later identified as Walton, to turn the music down, and Walton complied. After he returned to the lobby, Grigsby received a third complaint, this time that the music was even louder. Grigsby called the police and went outside to the parking lot, where he saw Walton enter Room 131.

At approximately 4:25 a.m. on March 4, 2005, Officers Wyckoff and Long of the Independence Police Department were dispatched to the Red Roof Inn on a disturbance call. The dispatcher informed the officers that a man was outside the motel yelling and knocking on the door of Room 131. Officer Wyckoff arrived at the motel within about seven or eight minutes of the dispatch, and Officer Long arrived a few minutes later.

The officers went to the room and knocked on the door for about ten minutes. They received no response, and they could hear no sound coming from the room. Grigsby approached the officers while they were knocking. He told them that he had received noise complaints and that he wanted the occupants to leave. Without being asked, Grigsby retrieved the pass key from the front desk. When Grigsby returned, Officer Wycoff knocked again and identified himself as the police. Grigsby unlocked the door and tried to open it, but could not because the chain lock was engaged.

Reeves came to the door, and Officer Wyckoff identified himself as a police officer and told her that he was responding to a call about a disturbance. Reeves closed the door, unhooked the chain, and opened the door to the room. The officers entered, and Officer Wyckoff asked whether there was anyone else in the room. Reeves replied that there was not, but Officer Wyckoff saw a foot protruding from underneath the corner of one of the beds. He lifted the mattress from the bed frame and saw a man, later identified as Walton, lying on the floor. When instructed to stand up, Walton did not move. Officer Wyckoff handcuffed him, helped him to his feet, and sat him down on the other bed.

Officer Long told Officer Wyckoff that he had seen a gun as Officer Wyckoff was lifting the mattress from the bed frame. Officer Wyckoff retrieved the loaded .357 revolver and a plastic bag containing marijuana that was lying next to it. Officer Wyckoff then checked underneath the other bed and found a loaded rifle. Reeves and Walton were arrested for possession of marijuana.

Walton was charged with being a felon in possession of firearms. He moved to suppress the physical evidence of the firearms found in the motel room. After a hearing, the magistrate judge[2] recommended denying that motion. The district court overruled Walton's objection and adopted the magistrate judge's report and recommendation in its entirety. Walton pleaded guilty, reserving his right to appeal the denial of his motion to suppress evidence.

## II.

We review the denial of a motion to suppress *de novo*. United States v. Adams, 401 F.3d 886, 893 (8th Cir. 2005). We review the factual determinations for clear

---

[2]The Honorable John T. Maughmer, Chief United States Magistrate Judge for the Western District of Missouri.

error, giving due weight to the inferences drawn by the district court and law enforcement officials.  Id.

Walton contends that he had a reasonable expectation of privacy in Reeves's motel room, and thus the warrantless search violated his Fourth Amendment rights.  Whether a defendant has a reasonable expectation of privacy in a motel room depends upon factors such as whether he checked into or paid for the room and whether he had the ability to control or exclude others' use of the room.  United States v. Esquivias, 416 F.3d 696, 702 (8th Cir. 2005); United States v. Carter, 854 F.2d 1102, 1105-06 (8th Cir. 1988).  A defendant challenging a search and seizure occurring in the motel room of another must "demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." Minnesota v. Carter, 525 U.S. 83, 88 (1998).  A mere visitor, a person who is not an overnight guest, usually lacks a rightful expectation of privacy when present in the motel room of another.  United States v. Sturgis, 238 F.3d 956, 958 (8th Cir. 2001). See Minnesota v. Carter, 525 U.S. at 91 (holding that a guest that is merely present with the consent of the householder may not claim the protection of the Fourth Amendment).

Walton cannot claim a reasonable expectation of privacy in Reeves's motel room.  We agree with the magistrate judge that "the record is devoid of any indication that defendant Walton was anything other than a visitor in Room 131–and perhaps not a particularly welcome one at that."  Walton neither checked into nor paid for the room.  When Reeves checked in, she was alone, and she paid for the room in advance. Although the room rate would have been the same whether there had been one or two overnight guests, Reeves stated that she would be the only overnight occupant of the room.  Before the officers arrived, Walton banged on the motel room door and yelled loudly.  This early morning conduct is hardly consistent with the behavior of a person having the right to occupy the motel room, let alone control or exclude others' use of

the room. Accordingly, the district court did not err in denying Walton's motion to suppress.

Walton further argues that the search was unconstitutional because a motel clerk cannot validly consent to the search of a guest's room. <u>Stoner v. California</u>, 376 U.S. 483, 487-90 (1964). True enough, but because Walton had no reasonable expectation of privacy in the motel room, the search did not violate his constitutional rights. <u>See</u> <u>Rakas v. Illinois</u>, 439 U.S. 128, 134 (1978) (holding that a "person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises . . . has not had any of his Fourth Amendment rights infringed"); <u>United States v. Goldenstein</u>, 456 F.2d 1006, 1013 (8th Cir. 1972) (finding no constitutional violation in a warrantless search of a hotel room as to a defendant having no occupancy rights).

The judgment is affirmed.

_____